IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRAVIS TUCKER,

Petitioner,

v. CASE NO. 4:17-cv-61-RH-GRJ

SECRETARY, DEPT. OF CORRECTIONS,

Respondent.
_____________________________/

**REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and is proceeding pursuant to an Amended Petition, ECF No. 7 ("Petition"). The Petition stems from Petitioner's 2014 Leon County jury-trial convictions for burglary of a conveyance with person assaulted, attempted robbery, aggravated stalking, and harassing a witness, for which Petitioner is serving a total 12-year sentence as a habitual violent felony offender. Respondent filed a response and an appendix with relevant portions of the state-court record. ECF No. 10. Although afforded an opportunity to do so, Petitioner did not file a reply. Upon due consideration of the Petition, the Response, and the state-court record, the undersigned recommends that the Petition be

denied.[1]

## I. State-Court Proceedings

Petitioner was charged with the above offenses in a fourth amended information. ECF No. 10-1. Petitioner was tried on September 10, 2014. *Id*. at 129-305. The victim testified that she was formerly in a relationship with Petitioner. She obtained a domestic violence injunction against him after they broke up. Early on the morning of the incident, while it was still dark, the victim went to a bank to withdraw money from an ATM before going to work, as she did every payday. The victim had to get out of her car to use the ATM, and when she was getting back in her car the Petitioner appeared and demanded that she give him the money. The victim and Petitioner started "tussling". The victim tried to close the car door and grabbed her purse to protect it from Petitioner. Petitioner pulled her hair while the two struggled, and he tried to reach the victim's purse. The victim started screaming, and Petitioner fled. Following his arrest, Petitioner called the victim from jail. *Id*. at 154-75.

In addition to the victim's testimony, the state presented forensic

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

evidence and law enforcement testimony corroborating the victim's statements, including the existence of the injunction. *Id*. at 176-81. The state also presented a surveillance video from the bank on which the incident was recorded. *Id*. at 183-84. An investigator from the state confirmed that Petitioner made phone calls to the victim from the jail, and recordings of the calls were played for the jury. *Id*. at 187-203.

The court instructed the jury on the elements of burglary of a conveyance with person assaulted (Count I), attempted robbery (Count II), aggravated stalking (Count III), and harassing a witness (Count IV). The court also instructed the jury on the lesser-included offenses under Count I of: burglary of a conveyance, trespass of a conveyance, and battery. Under Count II, the court instructed the jury on the lesser-included offense of petit theft. Under Count III, the court instructed the jury on the lesser-included offense of violation of a domestic violence injunction. The verdict form set forth the charged and lesser-included offenses. *Id*. at 40, 242-50. Defense counsel did not request any additional instructions on lesser-included offenses. The jury found Petitioner guilty as charged in the information. *Id*. at 302.

Petitioner's counsel moved for a new trial on the ground that the trial

court fundamentally erred by not instructing the jury on the lesser-included compound offense of "trespass of a conveyance and battery." *Id*. at 42-43. Counsel conceded that he had not requested the instruction or an alternative verdict. *Id*.

After oral argument, the trial court denied the motion. The court observed that the jury form permitted the jury to find Petitioner guilty of such lesser-included offenses as justified by the evidence, and the jury could have found Petitioner guilty of the lesser-included offenses of trespass and battery under Count I, as reflected on the verdict form. The court determined that it was not fundamental error under state law not to include an instruction for the compound lesser-included offense of "trespass of a conveyance and battery." The court therefore denied the motion. *Id*. at 83-85.

Petitioner appealed, asserting that the trial court fundamentally erred under state law by failing to instruct the jury on the lesser-included offense of "trespass **and** battery." Petitioner also argued that the trial court fundamentally erred by instructing the jury that only one verdict could be returned as to each crime charged, a point that on which the trial court misspoke during the hearing on the motion for new trial. *Id*. at 307-33; *see*

*id*. at 297 (trial court instructing jury that "[o]nly one verdict may be returned as to each crime charged.").

The State's response asserted that jury instructions are subject to the contemporaneous objection rule under state law, and that Petitioner failed to show fundamental error in the trial court's failure to *sua sponte* give the instruction. The State also argued that Florida Standard Jury Instruction 3.12 (2014) provides that the jury may only return one verdict as to each crime charged, as the trial court informed the jury. ECF No. 10-1 at 335-38, 10-2 at 117.

The First DCA affirmed *per curiam* without opinion. ECF No. 10-2 at 30. The record reflects that Petitioner sought no further direct or collateral review, apart from a motion for reduction or modification of sentence. *Id*. at 33-36.

The instant Petition, which Respondent concedes is timely, followed. Petitioner asserts one claim for relief. Petitioner argues that the trial court erred in instructing the jury. Petitioner contends that "the jury must be given the right to convict an accused of two lesser-included offense[s] based on the evidence of the case." ECF No. 7 at 9. Respondent contends that it may be presumed that the First DCA reasonably followed the state's

contemporaneous-objection rule and did not address Petitioner’s claim on the merits, but in any event the whole of Petitioner’s claim of error in the jury instructions is one of state law and does not present a cognizable federal claim. ECF No. 10 at 14.

## II. Section 2254 Standard of Review

Pursuant to 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” Under § 2254(e)(1), “a determination of a factual issue made by a State court shall be presumed to be correct,” and the petitioner “shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.”

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” § 2254(d)(1). “[C]learly established Federal law, as

determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts. Under the “unreasonable application” clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. “Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.” *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, “whether a state court's decision was unreasonable must be assessed in light of the record the court had before it.” *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

## III. Discussion

As Respondent contends, Petitioner asserted his claim on direct appeal solely as one of state law. “[F]ederal habeas corpus relief does not lie for errors of state law.” *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 7654, 780 (1990)). “Questions of state law rarely raise issues of federal constitutional significance, because ‘a state’s interpretation of its own laws provides no basis for federal habeas

corpus relief, since no question of a constitutional nature is involved.'" *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1053–54 (11th Cir. 1983)). Federal habeas relief will only be granted for state law errors if the alleged errors were so critical that they rendered the entire trial fundamentally unfair in violation of the right to due process. *Id.*; *see Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

In this case, Petitioner has not explained how his claim presents an issue of federal constitutional significance. Even if Petitioner made such a claim, under the circumstances presented his argument would be unavailing. In non-capital cases, such as Petitioner's, the federal "Due Process Clause does not require a state court to instruct the jury on lesser-included offenses." *Perry v. Smith*, 810 F.2d 1078, 1080 (11th Cir.1987) (citing *Easter v. Estelle*, 609 F.2d 756, 758 (5th Cir. 1980); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985)); *see Beck v. Alabama*, 447 U.S. 625, 635 (1980) (Due Process Clause requires instruction on lesser-included offense in capital cases, but Court left open the question whether due process required such instructions in noncapital cases).

In light of the foregoing authority, and assuming that the state court

adjudicated the claim on the merits, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law. *See Reese v. Sec'y, Fla. Dept. Of Corr.*, 675 F.3d 1277, 1287-88 (11th Cir. 2012) ("[I]n the absence of a clear answer – that is, a holding by the Supreme Court – about an issue of federal law, we cannot say that a decision of a state court about that unsettled issue was an unreasonable application of clearly established federal law.").

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: “Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.” Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 27th day of September 2017.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court’s internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**